Good morning, may it please the court. My name is Jed Stone on behalf of Carnell Taylor, who is the appellant. There was bad blood between Richard McMath and Carnell Taylor ten years earlier, around 2010. Mr. Taylor shot and killed McMath's relative. That bad blood was known to the jail. There were keep-separate orders in the jail because they understood that McMath carried the grudge and could hurt Mr. Taylor. Mr. Taylor came to the jail on a new case in 2024 and surrendered himself. He went through booking and classification and was ordered to go to the four-north pod of the Lake County Jail. Mr. Taylor did not know and could not have known that McMath was in the jail, but surely the jail knew that McMath was there on the same pod, not only in the jail but on the very same pod. The representation from the district court was that, how can you show deliberate indifference if your client represents, I have no conflicts inside the jail? Well, this case was dismissed because the district court judge ruled that he had pled himself out of court. That's not what was in Mr. Taylor's complaint. So your representation that he could not, the district court could not use the documents that were attached to the complaint. Yes, those documents were attached to the complaint not for a pleading reason, but to show the district court that Carnell had abused his administrative remedies so that he could open the door to federal court. It is not what he said. It was what was written by the defendants in their answer to his complaints. So he didn't plead himself out of the court. What he said... Did the district court err by relying on those documents? Pardon me? Did the district court err by relying on those documents? Absolutely. The question is, was the complaint well pled and did the complaint give notice to the defendants? That's the rule. It certainly did. Using the documents generated by the defendants as being pled out of court is clear error. It wasn't in his plea. He didn't offer those words. We don't even know if he spoke those words. That's a question of fact to be later determined. In the complaint, what Mr. Taylor said was, I was physically and viciously attacked by a documented keep separate by the name of Richard McMath. And then he says, Jose Davila, that's a correctional officer, did nothing to stop or prevent Mr. McMath from attacking me as he walked through Four North Day Room with no shirt, holding a jail made weapon. I had no clue that Richard McMath being in the jail, Lake County Jail, doesn't allow inmates to classify themselves. That's exactly why they keep records and rely on their classification system. That's what was pled. And that was well pled. And those are the facts that the court had to take as factually true at that stage. I'm sorry, you were about to ask a question. Well, I was looking at what you were reading to us out loud, and the documents attached to the complaint, the district justice, that adds to the story beyond what was in the complaint itself. And so, what cases or what law would we lean on to find that that was a mistake? The documents that were attached are found at the... No, I'm sorry. What case law would suggest that that was a mistake? It's not what Mr. Taylor pled. It is what the defendants said happened. And I don't have a case to guide you on that, but I have the rules to guide you on that. This is a pro se pleading by a man who had suffered not only a laceration on the eye, but traumatic brain injury from Mr. McMath wielding a tablet put into a laundry bag and striking him viciously with it in the jail in front of the other officers, correctional  We're alleging a deliberate indifference to an order to keep McMath away from Mr. Taylor. The document that the trial court relied upon are not the words of Mr. Taylor. They are the words of the jail staff. I reviewed your grievance dated 4-4-24 in which you state you were allowed to be classified with dangerous violent inmate. The jail takes classification seriously and houses inmates appropriately based upon many factors. You were interviewed by classification and were asked specifically if you had any enemies in custody. How would he have known that McMath was in custody? The jail knew he was there. They keep seriously their separate and do not allow contact. But Mr. Taylor saying he didn't know that McMath was in the jail is certainly not an admission or pleading yourself out of court. It is simply stating something that is true. He didn't know. And if he had known, I'm sure he would have said, I can't be anywhere near McMath. He can't be trusted not to hurt me. But the jail knew he was there. They tell us they keep... Isn't that the question though? Of course. I hear you. There's a reference to keep separate orders from 2009, 2010, 2011. So sort of reading this complaint liberally, there is a suggestion, or not a suggestion, an allegation that there was a prior keep separate order from a decade plus before that the jail should have known about and kept them separate because your client could not know that McMath was actually in custody. Is that your argument? Yes. The argument is that the jail had on record that McMath must be kept separate from Mr. Taylor. It is a fact that needs to be proven at trial, but certainly not a... How about we start with discovery? Because I think this goes for me to document retention, how the sheriff's office keeps their records of keep separate, whether they have a duty to sort of keep separates from decades earlier. I do see a lot of fact issues here. Those are wonderful questions, and not questions to be ruled on in a motion in a review to dismiss a pro se complaint. I have spent some time thinking about, if you grant our appeal, how we would replete these questions. And I think there are ways to replete these questions. What happened to this inmate being brutally struck by someone that the jail knew was a person with a grudge and an evil heart towards our client is worthy of this court or the district court's time in letting us litigate these facts. And all I'm doing today is saying that the items attached to his complaint did not plead him out of court because they weren't written by him. They weren't his words. They weren't in his complaint. His complaint clearly stated a cause of action. His complaint clearly stated enough information for the defendants to have noticed what this case was about. And at that stage, that's all he needed to do. All he needed to do was to plead facts that would be presumed to be true and give the defendants notice that what this cause of action was about. He was a pro se plaintiff. Pro se plaintiffs should be given great latitude and the opportunity to replete. This court has said that multiple times in multiple cases. We want you to add this case to that multitude. Thank you, Mr. Stone. Thank you. The case will be taken under advisement.